Van Brunt, J.
This action was brought to recover damages by reason of the non-performance upon the part of the defendants of an alleged agreement entered into between the plaintiff and the defendant on or about the 14th of September, 1885. The plaintiff in this action is a domestic corporation duly organized under the laws of the state of New York; and on the 14th of September, 1885, an. agreement was entered into between Joseph L. Spofford, on behalf of the plaintiff, and John W. Brown, of Brooklyn, whereby said Spofford agreed for said company to-transfer and assign to said Brown the exclusive right to manufacture and sell in certain New England states the articles provided for and patented under certain letters patent of the United States issued to the plaintiff, and the defendant Brown agreed to pay to said company for said transfer and assignment the sum of $1,200 upon its execution in due form; and also to manufacture a certain number of kegs per annum, and to pay to said company the sum of twenty-five cents per keg or package as royalty; he, however, was to be credited upon the amount which should become due and payable for royalties as aforesaid in the first year the said sum of $1,200 paid by him in cash.
It was further agreed between the parties that at the expiration of one year from the date of said transfer the defendant Brown should have the right to abandon the manufacture of said kegs and packages under this agreement upon his executing to said company a re-transfer of said right to manufacture, and from that time should be discharged from all further obligation to manufacture or liability to pay. It also provided that the company should have the right upon payment to Brown of $5,000 to terminate the agreement and require a re-transfer of said rights, provided said Brown should have ceased to manufacture under said letters patent, or should fail to make reasonable exertions to do so.
On the 21st of September, 1885, Spofford, as president of the plaintiff affixed the corporate seal to an agreement on behalf of the plaintiff and acknowledged the same, and on the 26th of September, 1885, at a meeting of the board of directors of the plaintiff a motion was made and carried that the president be authorized to execute and deliver to J. W. Brown the agreement of the company pursuant to the preliminary agreement dated September 14, 1885. In December, 1885, there was tendered on the part of the plaintiffs the agreement signed by Spofford on the 21st of September, 1885, which agreement the defendant Brown, *93 absolutely refused to take. A demand was made at the same time for the $1,200, which was also refused. At the time of the tender Brown did not take the agreement nor look at it nor read it, and, so far as the record shows, gave no reason for his refusal. It is claimed on the part of the defendants, in support of the ruling of the learned court, that the plaintiff wholly failed to prove any cause of action against the defendant, and that the complaint was properly dismissed. First, because the agreement of September fourteenth was not a contract by the defendant with the plaintiff, it never having been executed by the company, nor by any officer thereof, nor by any person authorized by the company.
The answer to this objection seems to be twofold. In the first place, the agreement of September 14, 1885, appears to have been executed by Spofford on behalf of the plaintiff, and although he may not then have had any authority for the execution of the agreement, yet by the resalution of September 26, 1885, his action was ratified by the board of directors of the corporation when they directed that the president execute and deliver to the defendant the agreement of the company pursuant to the preliminary agreement dated September 14,1885. But there is another ground upon which the right of the plaintiff to bring the action may be supported, and that is, that even if the agreement was between Spofford and Brown as individuals, it appears upon the face of the agreement that it was made for the benefit of the plaintiff, and that the plaintiff was to receive a certain sum of money and also to receive royalties upon its conveying certain rights to the defendant Brown. In the case of Lawrence v. Fox (20 N. Y., 268), it was held that even though' the corporation was not a party to the agreement, it having been executed for its benefit, it had the right to maintain an action thereon. The court said: “An action lies on a promise made by the defendant for a valuable consideration to a third person for the benefit of the plaintiff, although the plaintiff was not privy to the consideration.
“Such promise is to be deemed made to the plaintiff, if adopted by him, though he was not a party, nor cognizant of it when made.”
Secondly.. Because the plaintiff never performed, nor offered to perform according to the terms of "the alleged agreement of September 14th, 1885, alleging that the agreement to transfer and assign to Brown the exclusive right to manufacture and sell in certain New England states was not complied with,, because no proper transfer or assignment was tendered, and because the action was prematurely brought. Conceding for the purpose of the disposition of *94 this appeal that the proposed transfer of September 21st, 1885, contained provisions which were not authorized by the agreement of September fourteenth, they were of a character which, if objection to the receipt of the transfer had been made upon that ground, might have been easily obviated. The rule in respect to tender seems to be well settled that where the refusal to accept the tender absolutely is made, the only question which can be considered is the question as to the right of the party to make the tender, and that the party refusing the tender cannot raise in support of such refusal objections to the form of the tender which, if they had been stated at the time, might have been easily obviated. Duffy v. O’Donovan, 46 N. Y., 228.
The absolute refusal of the defendant without reading or looking at the instrument tendered, was an indication upon his part that he did not consider himself under any obligation to receive or accept any instrument whatever, whether it was in exact conformity to the agreement or not. No intimation was given to the plaintiff that the tender was rejected, because of non compliance in every respect with the requirements of the agreement of September fourteenth, but the refusal was absolute and unconditional, without the defendant knowing anything of what it contained. It is too late for the defendant now, after careful study, to pick out' fancied defects in the proposed transfer tendered, which defects, if any, might easily have been obviated on the part of the plaintiff, if objection had been taken to the form of the transfer.
It is claimed on the part of the defendant that the condition of the agreement of September fourteenth, requiring the execution in due form of said transfer and its delivery to him from said company has never- been complied with. The transfer was signed and acknowledged on the 21st of September, 1885 ; the authority for its execution and delivery given by the company on the twenty-sixth of September, and the tender made in December, 1885, long after the giving of the authority to execute.
In raising this point, the learned counsel seems to have lost sight of the fact that signing and acknowledging a paper is not an execution of the paper. A necessary element of execution is delivery In order that there should be an execution of an instrument, it must be signed and delivered. The signing of the paper is but a small part of the execution, the delivery being the essential act. There-; fore, at the time of the completion of the execution of this paper in December, 1885, the president had received the full authority to execute and deliver, and such execution and delivery was not complete until the tender was made at that time.
*95 We think, therefore, that the learned court erred in dismissing the complaint, and a new trial must be ordered with costs to the appellant, to abide the event.
Brady and Daniels, JJ., concur.